## Oscar Bletson and Ida Bletson, Appellants, v. The Village of Brooklyn of St. Clair County, Illinois, Appellee.

MUNICIPAL CORPORATIONS, § 136*—*when chief of police not entitled to occupy rooms in village hall as compensation.* Chief of police occupying rooms in a village hall with his family, according to usual custom for seven years, whose compensation is fixed at a certain salary with no provision to occupy the rooms, may be required to yield up possession in a forcible entry and detainer proceeding brought by the village trustees, whether he is legally entitled to the office of chief of police or not.

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed October 9, 1913.

JOHNSON-JOHNSON and W. L. COLEY, for appellants.

MARTIN D. BAKER, for appellee.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

MR. PRESIDING JUSTICE MCBRIDE delivered the opinion of the court.

This was an action of forcible detainer commenced by appellee against appellant for the possession of three rooms on the first floor of the Village Hall of the Village of Brooklyn, situated on lots 258 and 259, block 25, in the Village of Brooklyn, St. Clair County, Illinois. Jury was waived and trial had by the Circuit Court of St. Clair County, Illinois, and judgment rendered in favor of the appellee and against the appellants for possession of the property in question, and costs of suit, to reverse which judgment the appellants prosecute this appeal.

It appears from the evidence in this case that on May 3, 1911, the appellant, Oscar Bletson, was appointed chief of police of the Village of Brooklyn and his salary as such chief fixed at sixty dollars per month. That Bletson, with his family, thereafter moved into the rooms above described and have since that time been in the occupancy of them. On March 13, 1912, charges were preferred against Oscar Bletson, chief of police, for conduct unbecoming an officer; a motion was then offered to sustain the charges preferred which the president of the board refused to place before the trustees; thereupon another member of the board presented the motion and it was voted upon by the trustees, and the motion carried. The president immediately reappointed Mr. Bletson, which reappointment was then and there rejected by the Board of Trustees. On May 1st, the board of trustees attempted to appoint one Robert Dorsey as chief of police of said village. This appointment was not made by the president and when the motion was made to appoint Dorsey it was declared by the president out of order and it was then placed before the Board of Trustees by one of the other members. At a meeting of July 3rd, a resolution was adopted by the Board of Trustees directing a notice to be served upon Oscar Bletson and Ida Bletson, his wife, demanding imme-

diate possession of the rooms and thereafter the notice was served, and this proceeding of forcible detainer commenced by the direction of the village board and judgment for possession obtained.

It is contended by counsel for appellants in this case that this was an effort upon the part of appellee to try the question of the title of Oscar Bletson to the office of chief of police; that while it was in form a forcible detainer suit that it was in reality a quo warranto proceeding. Evidence was offered showing the proceedings of trustees of the village board, from the appointment of Bletson up to the order of the board demanding possession of the premises in question.

As we view the case, much of this testimony is immaterial. Bletson was appointed chief of police and his salary fixed at sixty dollars per month and this, as it appears by the record, was the sole compensation to be allowed to him for his services as such chief of police. It is true appellant offered to prove that it had been the custom for the past seven years for the chief of police to occupy the rooms in question, but we are unable to see how the fact that the Board of Trustees had permitted these rooms to be occupied by the predecessor of appellants and had permitted him to occupy them from the time of his appointment could be any justification to the appellants to continue in the occupancy of the rooms if appellee desired to repossess itself of them. The rooms belonged to appellee. Appellee had a right to use them for such purposes as the board deemed would be to the best interest of the Village of Brooklyn. It appears from this record no contract had been made with appellants by which they were authorized to occupy the rooms for any particular length of time or that the furnishing of a place to reside was any part of the compensation to be paid to the chief of police. The salary was fixed at sixty dollars per month and no provision made, as it appears from the record, for appellants to occupy the rooms. There is no complaint that proper notices

were not served and, so far as we are able to see, appellants were properly notified to yield up possession of the rooms. The only claim made by appellants is that their right to occupy the rooms depended upon whether or not he was legally entitled to the office of chief of police, and that the justice of peace had no jurisdiction to try a case of this character. We do not think this question is involved at all in this case and we are of the opinion that the appellee was entitled to the possession of the rooms whether appellant, Oscar Bletson was lawfully in office or not. We do not believe that the court erred in the rendition of this judgment, and the judgment is affirmed.

*Judgment affirmed.*